Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2865 | **DATE** | May 24, 2011 |
| **CASE TITLE** | Natalio Madrigal (#2009-0010972) v. Vicky's Bar and Pool Room, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [#4] is granted. Plaintiff's motion for leave to file *in forma pauperis* [#5] is denied as duplicative. The Court authorizes and orders Cook County Jail officials to deduct $31.63 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. However, pursuant to 28 U.S.C. § 1915A, the Court dismisses the complaint. This case is terminated. Plaintiff remains responsible for the filing fee. The dismissal of this case counts as a strike under 28 U.S.C. § 1915(g).

■[For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff, Natalio Madrigal, a pre-trial detainee in custody at the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Vickey's Bar and Pool Room, and its owner. Plaintiff alleges that he was robbed at Vickey's Bar and Pool Room on August 29-30, 2009. He alleges that his clothes, shoes, cell phone and over $2,000.00 were stolen from him and that he was beaten and left for dead. (See Plaintiff's complaint).

The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Plaintiff submitted a second motion for leave to proceed *in forma pauperis*, which is denied as duplicative. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $31.63. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

However, under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a suit brought *in forma pauperis* at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a Defendant who is immune from such relief. Here, even accepting Plaintiff's factual allegations as true, the Court finds that the complaint fails to state a federal claim as a matter of law.

**(CONTINUED)**

AWL

Plaintiff's allegations fail to state a claim sufficient to survive review under 28 U.S.C. § 1915A because a Vickey's Bar and Pool Room (and it's owner) is not a state actor, as required under § 1983, there is no discernable federal question, and no basis for diversity jurisdiction.

To state a claim pursuant to 42 U.S.C. § 1983, Plaintiff must allege: (1) the conduct complained of was committed by a person acting under color of law and (2) the conduct deprived him of a right secured by the Constitution or laws of the United States. *See Estate of Sims v. County of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007); *Case v. Milewski*, 327 F.3d 564, 567 (7th Cir. 2003). Two circumstances have been recognized by the Court in which a Defendant may be found to act under color of state law. First, when the state has cloaked the Defendant in some degree of authority, normally through employment or some other agency relationship. *See Case*, 327 F.3d at 567. The second, when the Defendant has conspired or acted in concert with state officials to deprive a person of his civil rights. *See Case*, 327 F.3d at 567.

In the instant case, Plaintiff does not allege that Defendant was cloaked with some degree of state authority or that there was some type of conspiracy between state officials and Defendant involving the attack on him, or theft of his property. Nor can such a conclusion be drawn from Plaintiff's allegations. Consequently, Plaintiff has failed to state a cause of action under § 1983 against any named Defendant, and his claims are dismissed.

While the Court is required to construe the *pro se* complaint liberally, the Court discerns no alternative basis for federal jurisdiction, such as the implication of another federal statute. According to federal statute, federal district courts have jurisdiction over civil actions arising under the Constitution, or federal statute or treaty. *See* 28 U.S.C. § 1331. None are implicated here. Plaintiff describes a series of crimes against him by private parties. There is no diversity of citizenship between the parties, and, if Plaintiff's claim are based in diversity of citizenship, he would have to have sustained damages in excess of seventy five thousand dollars. *See* 28 U.S.C. § 1332. As the Court lacks subject matter jurisdiction over Plaintiff's claims, this matter is dismissed, and the case is terminated.

For the reasons contained in this order, the Court dismisses the complaint pursuant to § 1915A. The dismissal of this case counts as a strike under 28 U.S.C. § 1915(g). Plaintiff is warned that if a prisoner accumulates three strikes (if he has had a three federal cases or appeals dismissed as frivolous, malicious, or for failure to state a claim), he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another "strike" under 28 U.S.C. § 1915(g).

*Wm. J. Hibbler*